# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 28, 2011

No. 10-51005
Summary Calendar

Lyle W. Cayce
Clerk

JOHN ERNEST WEISNER,

Plaintiff-Appellant

v.

BEXAR COUNTY; FNU DOUGLAS, individual Bexar County Sheriff's Employee #206; JOHN DOE ONE; JOHN DOE TWO; JOHN DOE THREE,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:07-CV-709

Before HIGGINBOTHAM, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:*

John Ernest Weisner, Texas prisoner # 640723, proceeding in forma pauperis (IFP), filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983, against Bexar County, Bexar County Sheriff's Office, the Sheriff of Bexar County, Bexar County Sheriff's Deputy Dennis Douglas, and two unnamed deputies. Weisner alleged that the defendants used excessive force on him

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

during the execution of a search warrant of his home, which caused him physical injuries.

Weisner was appointed counsel, who filed two amended complaints. The first amended complaint listed as defendants Bexar County Sheriff's Office, Deputy Douglas, and three unnamed, or "John Doe" deputies, but the second amended complaint dropped the three unnamed deputies as defendants and substituted Bexar County for the Bexar County Sheriff's Office. In addition to alleging that Douglas used excessive force, the amended complaint also alleged state law claims of battery and gross negligence or willful and wanton misconduct.

The magistrate judge, who conducted the proceedings by the parties' consent, granted the defendants' motion for summary judgment as to the Weisner's § 1983 claims against Bexar County but denied summary judgment on the state law claims against Bexar County and denied summary judgment on all of the claims against Douglas. The magistrate judge later granted the defendants' motion to dismiss the state law claims against Bexar County, however, and the remaining claims against Douglas were tried by a jury, which returned a verdict in favor of Douglas. The magistrate judge entered a final judgment in favor of Douglas and against Weisner. Weisner filed a timely notice of appeal and moved to proceed IFP on appeal. The magistrate judge denied Weisner's motion to proceed IFP, certifying that the appeal was not taken in good faith because she could not discern what issues Weisner sought to challenge on appeal.

Weisner has filed a motions in this court for leave to proceed IFP on appeal and for the appointment of counsel. "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). Weisner's IFP motion is construed as a challenge to the district court's ruling that his appeal was not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

No. 10-51005

Our inquiry into the litigant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation omitted). If we uphold the district court's certification that the appeal is not taken in good faith, the appellant must pay the filing fee or the appeal will be dismissed for want of prosecution. *Baugh*, 117 F.3d at 202. Alternatively, we may dismiss the appeal sua sponte under 5th Circuit Rule 42.2 if it is frivolous. *Id.* at 202 n.24; 5TH CIR. R. 42.2.

In his brief, Weisner does not address or challenge the magistrate judge's reasons for dismissing the claims against Bexar County. By failing to address the reasons for the dismissal those claims, Weisner has failed to demonstrate that an appeal of the dismissal of the claims against Bexar County involves legal points arguable on their merits. *See Howard*, 707 F.2d at 220.

Further, although Weisner's brief could be liberally construed as seeking to appeal the jury verdict against Douglas, his argument in support of his IFP motion, i.e., that the facts alleged in his complaint and affidavit are material and should be viewed in the light most favorable to the non-moving party, is relevant to whether summary judgment was appropriate but not to an appeal of the jury's verdict. Since Weisner's claims against Douglas were not resolved on summary judgment but were tried by a jury, Weisner has failed to show that an appeal of the jury's verdict would involve legal points arguable on their merits. *See id.*

Accordingly, Weisner's motion to proceed IFP is denied, and his appeal is dismissed as frivolous. *See Baugh,* 117 F.3d at 202 & n.24. His motion for the appointment of counsel is also denied.

The dismissal of Weisner's appeal as frivolous counts as a strike for purposes of § 1915(g). *See Adepegba v. Hammons,* 103 F.3d 383, 387-88 (5th Cir. 1996). Weisner is cautioned that once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or

No. 10-51005

detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

IFP DENIED; MOTION FOR THE APPOINTMENT OF COUNSEL DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.